# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-1137V
UNPUBLISHED

DONNA BURKE,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: February 22, 2022

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On September 3, 2020, Donna Burke filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration (SIRVA) after receiving an influenza ("flu") vaccination on November 3, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 16, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a right SIRVA. On February 18, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $83,654.66. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Accordingly, pursuant to the terms stated in the attached Proffer, I award Petitioner a **lump sum payment of $83,654.66** in the form of a check payable to Petitioner. This consists of (1) **$82,500.00 for pain and suffering** and (2) **$1,154.66 for past unreimbursed medical expenses**. *Id.* at 1-2.

These amounts represent compensation for all damages that would be available under Section 15(a). *Id.* at 2.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

```
*************************************
DONNA BURKE,                        *
                                    *
            Petitioner,             *       No. 20-1137V
                                    *       Chief Special Master Corcoran
v.                                  *
                                    *
SECRETARY OF HEALTH AND             *
HUMAN SERVICES,                     *
                                    *
            Respondent.             *
*************************************
```

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 3, 2020, Donna Burke ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on November 2, 2019. Petition at 1. On December 15, 2021, respondent filed a Rule 4(c) Report, conceding that petitioner's claim meets the Table criteria for a SIRVA injury. ECF No. 24. On December 16, 2021, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation under the Vaccine Act. ECF No. 25.

## I.      Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following, and requests that the Chief Special Master's decision and the Court's judgment award:

> a.  a lump sum payment of **$82,500.00**, which represents compensation for pain and suffering, *see* 42 U.S.C. § 300aa-15(a)(4), and

b. a lump sum payment of **$1,154.66**, which represents compensation for past unreimbursed medical expenses, *see* 42 U.S.C. § 300aa-15(a)(1).

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that petitioner be awarded a lump sum payment of **$83,654.66**, in the form of a check payable to petitioner.  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

/s/ DEBRA A. FILTEAU BEGLEY
DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone: (202) 616-4181

Dated:  February 18, 2022

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.